**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4015
_____

DANIEL C. POLHILL,

Appellant

v.

FEDEX GROUND PACKAGE SYSTEM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 12-cv-00624)
District Judge: Honorable Jan. E. DuBois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2015

Before: RENDELL, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 9, 2015)
_____

OPINION*
_____

PER CURIAM

Appellant Daniel C. Polhill appeals from an order of the District Court dismissing

his Fourth Amended Complaint with prejudice. For the reasons that follow, we will

affirm.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Polhill, a resident of Pennsylvania, suffered an injury on February 9, 2010 while working as an employee of FedEx Ground Package System, Inc. ("FedEx") at its facility in Barrington, New Jersey. In his Third Amended Complaint, Polhill alleged that he sustained the injury as he was loading packages onto three connected package-handling carts when the "tug" at the front end of the carts pushed them backwards over his foot.[1] Polhill claimed that the carts and tugs have no reverse-warning lights or sirens. On December 2, 2010, Polhill filed a claim with the New Jersey Department of Labor, seeking workmen's compensation benefits. He was granted those benefits.

Polhill asserted four causes of action against FedEx in his Third Amended Complaint: (1) Product Liability; (2) Negligence; (3) "Responsibility to Protect Plaintiff from Harm;" and (4) "Misrepresentation and Responsibilities of Submission of the Parties." FedEx moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), arguing, among other things, that Polhill's common law tort claims were barred by the New Jersey Workmen's Compensation Act, N.J. Stat. Ann. § 34:15-1 et seq.

On June 6, 2014, the District Court granted FedEx's summary judgment motion in part and denied it in part. The Court held that FedEx, as the purchaser of the products at issue, could not be the target of a product liability, that is, design defect, action because under both New Jersey and Pennsylvania law only a manufacturer or seller of a product is potentially liable, citing Dean v. Barrett Homes, Inc., 8 A.3d 766, 771 (N.J. 2010); Weiner v. American Honda Motor Co., 718 A.2d 305, 307-08 & n.3 (Pa. Super. Ct.

---

[1] An individual drives the tug.

2

1998).  As to Polhill's second and third causes of action, the Court found that New Jersey law applied and agreed with FedEx that, by accepting workmen's compensation benefits, Polhill had agreed to forsake a tort action against FedEx, citing <u>Ramos v. Browning Ferris Industries of South Jersey, Inc.</u>, 510 A.2d 1152, 1155 (N.J. 1986).

Polhill's fourth cause of action concerned a claim that FedEx violated an order of the District Court, and a state-law claim for fraudulent misrepresentation or fraudulent concealment of evidence.  In the Scheduling Order dated December 19, 2012, the Court directed FedEx to supply Polhill with the serial numbers and other identifying information of all carts and tuggers in its possession at the Barrington facility on the date of the accident.  Because FedEx thereafter provided a list of manufacturers and model numbers for the carts and tuggers to Polhill, the Court determined that FedEx had complied with its Scheduling Order and granted summary judgment to FedEx on this part of Polhill's fourth cause of action.  The Court remarked that, in any event, any effect of FedEx's alleged noncompliance with the Scheduling Order would have occurred after the expiration, on February 9, 2012, of the statute of limitations and thus would have no legal significance.

But the District Court dismissed Polhill's state-law claim for fraudulent misrepresentation or concealment without prejudice, granting him leave to file a Fourth Amended Complaint within thirty days, naming only FedEx as a defendant.  The Court explained that, because the statute of limitations expired on his claims against the manufacturers on February 9, 2012, Polhill, in order to satisfy Rule 12(b)(6), would have to allege a misrepresentation or non-disclosure by FedEx before that date related to the

3

identity of the manufacturers, or allege a legal duty of FedEx which arose before February 9, 2012 to disclose the identity of those manufacturers. In addition, Polhill would have to comply with Rule 9(b)'s particularity requirement in setting forth the alleged misconduct. The Court warned Polhill that he would not be able to rely on general or conclusory allegations.

On that same day, the District Court dismissed the Third Amended Complaint as to WASP, Inc. ("WASP"), Topper Industrial, Inc. ("Topper"), and Motrec International Inc. ("Motrec"), and the Court dismissed various cross-claims. In the main, WASP had not manufactured any equipment used at the Barrington facility, and the product liability claims against Topper and Motrec were barred by the applicable two-year statute of limitations. (Earlier in the litigation a Stipulation to Settle, Discontinue and End was filed by Polhill as to a fourth defendant, Tug Technologies Corporation.)

Polhill then filed a Fourth Amended Complaint and FedEx moved to dismiss it. In an order entered on August 25, 2014, the District Court dismissed the Fourth Amended Complaint on the ground that it did not comply with its June 6, 2014 Order. Polhill had named defendants other than FedEx, and he did not state with particularity a misrepresentation or non-disclosure by FedEx before February 9, 2012 related to the identity of the manufacturers of the equipment allegedly involved in his accident, or allege the legal basis for any duty that FedEx had to disclose the identity of the manufacturers and the date upon which that duty arose. Polhill sought reconsideration of this order in a Motion to Open Judgment, which the District Court denied in an order entered on September 12, 2014. The Court explained once again that Polhill's accident

4

occurred on February 9, 2010; that he continued employment at the FedEx facility where the accident occurred for a little over one year following the accident; that he started the lawsuit on February 6, 2012; that the statute of limitations expired on claims against the manufacturers of the equipment involved in his accident three days later; and that he had never provided the Court with a date when FedEx misrepresented or concealed the identity of the manufacturers of the equipment at issue, or any authority for the proposition that FedEx owed a duty to him to disclose anything about the manufacturers before suit was started on February 6, 2012. The Court also denied Polhill's motion for a default judgment.

Polhill appeals only the District Court's orders dismissing his Fourth Amended Complaint with prejudice and denying his request for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. In his Informal Brief, Polhill contends that the District Court denied him the opportunity to prosecute his case, and that the case was defended in a fraudulent manner. He asks that we grant him a fair trial. We find no merit to these arguments and will affirm.

We exercise plenary review over Rule 12(b)(6) dismissals. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). Dismissal under Rule 12(b)(6) is proper where the amended complaint fails to state a claim upon which relief may be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Conclusory allegations are

5

insufficient to survive a motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

In pursuing his fourth cause of action for "Misrepresentation and Responsibilities of Submission of the Parties," Polhill had to comply with Rule 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). In its June 2014 Memorandum and Order, the District Court explained the elements of New Jersey and Pennsylvania law with respect to fraudulent misrepresentation and concealment. We agree with the District Court that, even after being given ample opportunity to do so, Polhill did not allege sufficient non-conclusory facts to state a claim for fraudulent misrepresentation or fraudulent concealment under either Pennsylvania or New Jersey law.[2] In the end, Polhill made only general and conclusory allegations that FedEx withheld or destroyed information related to the manufacturer of the equipment at issue. Such general accusations fail to state with particularity any misrepresentation made by FedEx concerning the identity of the manufacturers of the equipment involved in Polhill's

---

[2] To state a claim for fraudulent concealment under New Jersey law, a plaintiff must allege: (1) a legal duty to disclose (2) a material fact (3) that plaintiff could not discover without defendant disclosing it; (4) that defendant intentionally failed to disclose that fact; and (5) that plaintiff was harmed by relying on the non-disclosure. Rosenblit v. Zimmerman, 766 A.2d 749, 757-58 (N.J. 2001). In Pennsylvania, the tort of intentional concealment has the same elements as the tort of intentional misrepresentation except that the party must have intentionally concealed a material fact. Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999). The elements of intentional misrepresentation are: (1) a representation; (2) which is material to the transaction; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

accident or the source of any legal duty owed by FedEx to disclose information concerning the identity of the manufacturers before suit was started on February 6, 2012. For similar reasons, the District Court did not err in denying reconsideration. The District Court expressly stated that it did not rest its decision on missing page 3 of FedEx's Statement of Uncontested Material Facts, and thus there was nothing to reconsider, contrary to Polhill's assertion.

For the foregoing reasons, we will affirm the orders of the District Court dismissing with prejudice Polhill's Fourth Amended Complaint and denying his Motion to Open Judgment.